IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Criminal No. DKC-26-0125** |
| | : | |
| TROY BRIAN WORSLEY, | : | |
| | : | |
| Defendant. | : | |

---

**CONSENT MOTION FOR PROTECTIVE ORDER
REGARDING DISCLOSURE OF DISCOVERY MATERIALS**

The United States of America, by and through undersigned counsel, respectfully moves the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, for a Protective Order restricting copying and dissemination of materials disclosed to defense counsel related to law enforcement internal affairs records. A proposed Protective Order is attached. In support of this motion, the Government states as follows:

1. The Defendant, Troy Brian Worsley, is charged with possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. Mr. Worsley has requested early disclosure of potential *Giglio* material for potential law enforcement witnesses. The Government has obtained and reviewed, and may continue to obtain and review, records maintained by the internal affairs divisions ("IAD") of the relevant law enforcement agencies for law enforcement witnesses that may eventually be called to testify during a motions hearing and/or trial. Although the Government does not believe all such information to be *Giglio* material, or that any such disclosures are required at this time under Rule 16 of the Federal Rules of Criminal Procedure, the Government nevertheless wishes to make some of those records available to defense counsel for inspection to facilitate potential resolution of this case. This decision is limited to this case only and does not bind or set precedent for the Government in any future cases.

1

2.   The IAD records contain non-public information, information that is not readily available, and/or information that is potentially subject to denial of disclosure about the officers in question, as well as other individuals.  In order to balance the Government's desire to make fulsome disclosures to defense counsel in this case with the officers' privacy interests, the Government is therefore seeking a protective order.

3.   Rule 16(d)(1) of the Federal Rules of Criminal Procedure states that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  Fed. R. Crim. P. 16(d)(1).  The Government hereby moves, pursuant to Rule 16(d)(1), for a Protective Order restricting defense counsel from making additional copies of the IAD records and from disseminating the IAD records to anyone.  The Government further moves for a Protective Order requiring defense counsel to maintain the IAD records consistently with the provisions of the Order and destroy all paper and electronic copies of the IAD records once this case has resolved.

4.   Nothing in this order, either by its submission or by defense counsel's agreement to it, constitutes an admission by either party as to the admissibility of such records, or that these records constitute *Giglio* material.  In the event defense counsel does seek to use information contained in the IAD records in Court, the Government may file a motion seeking to preclude such use.  The Court can then determine whether any disclosure of information contained in the IAD records is warranted for use during cross-examination.

5.   Any inconvenience caused by the restrictions in the Protective Order is outweighed by the risks presented by the free dissemination of the IAD records.  Placing restrictions on the copying and dissemination of the IAD records appropriately balances the Defendant's interest in access to information related to the background of the Government's law enforcement witnesses with the privacy interests associated with the records.

2

6. Counsel for the Defendant consents to this motion.  Counsel's consent is limited to this case only and does not bind or set precedent for the Office of the Federal Public Defender in any future cases.

WHEREFORE, the Government respectfully requests that this Court, pursuant to Rule 16(d)(1) of Federal Rules of Criminal Procedure, grant the Government's Motion for a Protective Order as specified above and enter the proposed Protective Order, attached hereto.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

_____/s/_____
Lanay Mitchell
Special Assistant United States Attorney