**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. DKC-26-125** |
| | * | |
| **TROY BRIAN WORSLEY,** | * | |
| | * | |
| **Defendant.** | * | |
| | ******* | |

**GOVERNMENT'S MOTION TO TOLL SPEEDY TRIAL ACT CLOCK**

The United States of America, by and through its counsel, hereby respectfully requests, pursuant to 18 U.S.C. § 3161(h)(7), an order excluding the time period between **October 13, 2026**, and **November 27, 2026**, in computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c). In support thereof, the government submits the following:

1. On April 9, 2026, a federal Grand Jury for the District of Maryland returned a one-count Indictment against the Defendant, charging him with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1.

2. On June 1, 2026, the Defendant had his initial appearance before the Honorable Gina L. Simms, United States Magistrate Judge. ECF No. 7. At the hearing, the Court set a motions deadline of June 16, 2026, a telephone conference for July 2, 2026, and a four-day trial set to begin on August 10, 2026.

3. On June 2, 2026, Assistant Federal Public Defender Anjali Biala entered her appearance on behalf of the Defendant. ECF No. 12.

4. To date, the government has sent defense counsel seven productions of discovery. The government sent defense counsel the most recent production of discovery on September 22, 2026.

5. On June 10, 2026, the Court granted the parties' consent motion, excluding time

within which trial must commence under the Speedy Trial Act from June 8, 2026, through and including, July 2, 2026. ECF No. 14.

6. On July 2, 2026, the parties had a telephone conference with the Court. During the conference, counsel for the Defendant advised the Court that defense needs additional time to decide if any pretrial motions will be filed. In light of that, the Court granted Defendant's motion to extend the deadline to file pretrial motions from June 16, 2026, to August 17, 2026. ECF No. 17.

7. On July 2, 2026, the Court granted the parties' consent motion, excluding time within which trial must commence under the Speedy Trial Act from July 2, 2026, through and including, August 17, 2026. ECF No. 20.

8. On August 13, 2026, the Defendant filed a motion requesting the Court to remove without prejudice the August 17, 2026, pretrial motions deadline to allow time for the parties to negotiate a potential pre-trial disposition, which the Court granted on the same date. ECF Nos. 23, 24.

9. On August 28, 2026, the Court granted the parties' consent motion, excluding time within which trial must commence under the Speedy Trial Act from August 18, 2026, through and including, October 13, 2026. ECF No. 26.

10. On October 5, 2026, Assistant Federal Public Defender, Ellie Marranzini, entered her appearance on behalf of the Defendant. ECF No. 27.

11. In order to allow time for the parties' further investigation of the case and the consideration of possible resolution of the case short of trial and/or preparation for litigation, the government requests tolling the Speedy Trial Act clock, in the interests of justice, from between **October 13, 2026**, and **November 27, 2026**.

12. In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an information or indictment shall commence within seventy days from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs.

13. 18 U.S.C. § 3161(h)(7)(A) specifically excludes from the time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Among the factors the Court considers in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice," and whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" Section 3161. 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). The Court also considers whether failure to grant a continuance would deny counsel for a defendant or the government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

14. With the consent of defense counsel, the government submits, pursuant to 18 U.S.C. § 3161(h)(7)(A), that tolling of the Speedy Trial Act clock is appropriate under the circumstances. A reasonable exclusion of time is in the interests of justice for purposes of providing time for the evaluation and discussion of reaching a potential for pretrial resolution or other litigation.

15. For the foregoing reasons, the ends of justice will be served by excluding the time period between **October 13, 2026**, and **November 27, 2026**, in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and Defendant in a speedy trial.

16. A proposed order is submitted herewith.

**WHEREFORE**, the government respectfully requests that the Court exclude the time period between **October 13, 2026**, and **November 27, 2026**, under the Speedy Trial Act, in conformance with the draft order that is submitted herewith.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: /s/
Lanay Mitchell
Special Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system on October 13, 2026.

/s/
Lanay Mitchell
Special Assistant United States Attorney